UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

RACHEL KLEIN on behalf of herself and
all other similarly situated consumers

                                    Plaintiff,

    -against-

PAYMENT RESOLUTION SERVICES, LLC

                                 Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Rachel Klein, seeks redress for the illegal practices of Payment Resolution Services, LLC in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Franklin, Tennessee.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

**Jurisdiction and Venue**

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**Allegations Particular to Rachel Klein**

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about December, 20 2013, Defendant sent the Plaintiff a collection letter.

11. The said letter was an effort to collect on a consumer debt.

12. The said December, 20 2013 collection letter was mailed out by the Defendant to the Plaintiff in a window envelope.

13. Plainly visible through the window of the envelope, was the consumer's account number assigned to the Plaintiff by Payment Resolution Services, LLC, immediately above the Plaintiff's name and address.

14. Section 1692f of the FDCPA states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15. The account number, which appeared through the glassine window and was able to be viewed by any person handling the mail, constitutes an invasion of privacy; as it reveals to the person who sees it, an essential piece of information pertaining to the Plaintiff's

status as a debtor.

16. The account number, when disclosed to the public eye, reveals the consumer's financial quandary.

17. The unique number generated by Payment Resolution Services, LLC for Rachel Klein's account labelled "xxxx019" resulted from the collector – debtor relationship, and the debtor-creditor relationship before that.

18. The account number therefore, is not a harmless and meaningless string of numbers to the person who sees them.

19. The account number's disclosure has the potential to cause harm to a consumer.

20. There is no exception in the FDCPA that permits a collector to disclose a consumer's personal identifying information such as their account number and/or the balance claimed due.

21. The disclosure of an account number – a piece of regulated personal identifying information – is surely not benign.

22. If one is to consider such information to be benign and meaningless to any other person who sees it, then all other personal information such as a date of birth or a driver's license number is fair game for exposure.

23. 15 U.S.C. § 6801 of the Gramm Leach-Bliley Act ("GLBA") states:

> (a) PRIVACY OBLIGATION POLICY.—It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

An account number constitutes "nonpublic personal information" under the Gramm Leach-Bliley Act, 15 U.S.C. § 6809(4).

Furthermore, the Fair and Accurate Credit Transactions Act of 2003 - the FDCPA's sister

statute, requires merchants to truncate credit card account numbers and expiration dates. The statute is violated when the digits appear without truncation, irrespective of whether an account theft occurs or any harm is alleged.

24. So too with the FDCPA, under which the above claims are being alleged. Liability does not depend on whether as a result of the violation, personal identifying information was actually misused, but rather the FDCPA was enacted to deter potentially harmful disclosure of information.

25. The presence of such information on the face on an envelope is for the convenience of the Defendant, and is cavalier disregard for the Plaintiff's privacy.

Douglass v. Convergent Outsourcing, 13-3588, 2014 WL 4235570 (3d Cir. Aug. 28, 2014). (Here, [the debt collector's] disclosure implicates a core concern animating the FDCPA—the invasion of privacy. Section 1692(a) of the FDCPA explains that Congress enacted the law in response to "abundant evidence' of abusive debt collection practices that cause manifest harms to individuals, among them "invasions of individual privacy. 15 U.S.C. § 1692(a).  The disclosure of [the debtor's] account number raises these privacy concerns. The account number is a core piece of information pertaining to [the debtor's] status as a debtor and [the debt collector's] debt collection effort. Disclosed to the public, it could be used to expose her financial predicament.  Because [the debt collector's] disclosure implicates core privacy concerns, it cannot be deemed benign" . . . Accordingly, [the debtor's] account number is impermissible language or symbols under § 1692f(8).); Schweizer v. Trans Union Corp., 136 F.3d 233, 238 (2d Cir. 1998). ([A central purpose of § 1692f(8) is] to protect the privacy of the debtors.)

26. Upon information and belief, the Defendant mails millions of such collection

correspondence annually.

27. Defendant's December, 20 2013 letter is in violation of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending envelopes to consumers, which reveal information, other than the Defendant's name and/or address.

28. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

29. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

30. The identities of all class members are readily ascertainable from the records of Payment Resolution Services, LLC and those business and governmental entities on whose behalf it attempts to collect debts.

31. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Payment Resolution Services, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

32. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

33. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

34. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

35. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

36. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

37. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

39. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

40. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty nine (39) as if set forth fully in this cause of action.

41. This cause of action is brought on behalf of Plaintiff and the members of a class.

42. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about December, 20 2013; (a) the collection letter was sent to a consumer seeking payment of a personal debt; (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and

unconscionable means to collect on an alleged debt, and for sending envelopes to consumers, which reveal information, other than the Defendant's name and/or address.

## Violations of the Fair Debt Collection Practices Act

43. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

44. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
November 24, 2014

___/s/__ Maxim Maximov_____
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

___/s/__ Maxim Maximov_____
Maxim Maximov, Esq.